IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT WETHERHOLT,

    Plaintiff,

vs.                                                                             Civil No. 08-949 BB/RHS

CORRECTIONAL MEDICAL SERVICES, INC., et al.,

    Defendants.

## ORDER REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

**THIS MATTER** is before the Court *sua sponte*.  In this lawsuit, Plaintiff claims that despite requesting medical care "on or about January 26th[1] . . . because of my exposure to the M.R.S. disease[,]" he was denied medical treatment, leaving him with "scars on my back . . . [and] the MRSA disease for as long as I live."  (Complaint, Ex. A, attached to Notice of Removal of Action by Defendant Correctional Medical Services, Inc., pursuant to 28 U.S.C. Sections 1331, 1441, 1443 and 1446 ("Notice of Removal"), filed October 15, 2008 **[Doc. 1]**).  Plaintiff seeks compensatory and punitive damages against Defendants.  Among their affirmative defenses, Defendants contend that Plaintiff's suit "is barred in whole or in part by, and is subject to all limitations contained in, the Prison Litigation Reform Act [("PLRA")]."  (Defendant Correctional Medical Services, Inc.'s and Robert Ulibarri's Answer to Tort Complaint ("Answer"), filed Oct. 15, 2008 **[Doc. 2]**).

    The PLRA provides, *inter alia*, that "[n]o action . . . with respect to prison conditions" under § 1983 may be brought "by a prisoner confined in any jail, prison, or other correctional

---

[1]Plaintiff does not indicate what year this incident allegedly occurred.

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although Plaintiff indicates that he has "since been released on parole[,]" he filed his Complaint "while incarcerated at the Springer Correctional Center." (Notice of Change of Address, filed Dec. 4, 2008 **[Doc. 8]**, see also Complaint at 1 ¶ 3). Because plaintiff was incarcerated at the time he filed this action, he was required to comply with the exhaustion requirement. See Norton v. The City Of Marietta, Okla., 432 F.3d 1145, 1150-1151 (10th Cir. 2005). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007); cited in Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007). Rather, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts, 484 F.3d at 1241.

Accordingly, Defendants will be directed to file a brief (or, in the alternative, an appropriate motion) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint in this case. Defendants shall attach legible copies of any and all applicable policies, grievances, grievance logs, affidavits and other materials pertaining to the issue of Plaintiff's exhaustion of administrative remedies. Plaintiff shall be permitted an opportunity to file a response to Defendants' brief or motion.

**WHEREFORE**,

**IT IS ORDERED** that Defendants shall file a brief (or, in the alternative, an appropriate motion) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint on or before **Monday**, **July 26, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days after being served with a copy of Defendants' brief or motion regarding exhaustion to file a response.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE