IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT WETHERHOLT,

    Plaintiff,

v.     No. CIV 08-949 BB/RHS

CORRECTIONAL MEDICAL SERVICES, INC.,
et al.,

    Defendants.

**ORDER TO SHOW CAUSE
WHY THIS CASE SHOULD NOT BE DISMISSED**

**Introduction**

THIS MATTER is before the Court *sua sponte*. On August 23, 2010, Defendants Correctional Medical Services, Inc. and Robert Ulibari ("Defendants") filed a Motion for Summary Judgment Pursuant to the Prison Litigation Reform Act ("Motion"). [Doc. 16.] Plaintiff Scott Wetherholt ("Wetherholt") did not file a response, and the deadline for doing so has passed.[1] Under the local rules for the District of New Mexico, a party has fourteen (14) days after service of a motion to file a response. D.N.M. LR-Civ 7.4(a). The failure of a party to file and serve a response in opposition to a motion within the time frame for doing so "constitutes consent to grant the motion." D.N.M. LR-Civ 7.1(b). Thus, Defendants' motion for summary judgment could be

---

[1] Defendants' Motion for Summary Judgment was served on Wetherholt at his current address – 1332 Fox Den Court, Las Cruces, NM 88007. According to a letter sent by Wetherholt to the Court on July 14, 2010, his scheduled release from incarceration was August 7, 2010. [Doc. 13.] Since that date, it appears that Wetherholt was released and is residing at the current address on file. [*See* Doc. 16, Certificate of Service.]

granted on that ground alone. However, the Court will permit Wetherholt until no later than November 5, 2010, to file a response to this order to show cause stating what grounds he has, if any, to oppose the Court's recommendation that Wetherholt's complaint be dismissed, without prejudice, for failure to exhaust his administrative remedies.

**Background**

On August 21, 2008, Wetherholt, while incarcerated at the Springer (New Mexico) Correctional Center, filed a "Tort Complaint" against Defendants, alleging medical malpractice and negligence in violation of Wetherholt's Eighth and Fourteenth Amendment rights. [Doc. 1, attached Complaint.] In his complaint, Wetherholt alleged that on "January 26," he asked to be seen by a medical care provider at the Central New Mexico Correctional Facility because of alleged exposure to the "M.R.S. disease." He claimed he was denied medical treatment and told he was fine. Wetherholt further claimed that he contracted M.R.S. disease and that it left scars on his back. He requested an award of $30,000 in compensatory damages against each defendant, and award of $100,000 in punitive damages. [Doc. 1, Complaint.] On October 15, 2008, Defendants removed the case to federal court and filed an Answer. [Doc. Nos. 1, 2.]

In Defendants' affirmative defenses, they argued that Wetherholt's complaint is barred in whole or in part because Wetherholt failed to exhaust administrative remedies before bringing this lawsuit. [Doc. 2.] The Prison Litigation Reform Act ("PLRA") requires that all available administrative remedies be exhausted before bringing a lawsuit under 42 U.S.C. § 1983. PLRA, 42 U.S.C. § 1997e(a). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

Thus, because Defendants have the burden of proof, the Court permitted them to file an appropriate motion addressing the exhaustion requirements related to Wetherholt's complaint. [Order Regarding Exhaustion of Administrative Remedies, Doc. 12.] The Court's Order was delivered to Wetherholt by U.S. Mail at the current address on file. [Doc. 12.] In the Court's Order, Wetherholt was informed that he would be given an opportunity to file a response to Defendants' motion, and that his response would be due twenty (20) days after service on him of Defendants' motion. [Doc. 12, pp. 2-3.] At this time, almost sixty days have passed without a response by Wetherholt after Defendants filed their motion on August 23, 2010.

**Motion for Summary Judgment**

In their motion, Defendants demonstrated that Wetherholt was incarcerated at the Springer Correctional Facility between December 5, 2007 and September 15, 2008. Wetherholt filed the Complaint on August 21, 2008, during his period of incarceration. In his Complaint, he alleges he was denied medical treatment on January 26, but fails to identify the year of the alleged lack of medical care.

Respondents attached affidavit testimony by a Health Services Administrator and a Grievance Officer, both of whom testified that after searching their files, they did not locate any grievances filed by Wetherholt. Thus, because the unchallenged evidence demonstrates Wetherholt did not exhaust administrative remedies in accordance with PLRA requirements, Defendants ask that Wetherholt's complaint be dismissed for failure to exhaust administrative remedies.

Dismissal of the complaint without prejudice, based both on Wetherholt's failure to respond to the motion for summary judgment and the uncontested evidence of his failure to exhaust

administrative remedies, would be appropriate.[2]  Accordingly, Wetherholt is directed to show good cause why the Court should not recommend dismissal of this action, without prejudice, for failure to exhaust administrative remedies.  If Wetherholt fails to timely and adequately respond to this Order to Show Cause, the Court will recommend dismissal of the complaint in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff has until **Friday, November 5, 2010**, in which to show cause why the Court should not recommend dismissal of this proceeding without prejudice.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2] Ordinarily, a dismissal based on failure to exhaust administrative remedies should be without prejudice. Gallagher v. Shelton, 587 F.3d 1063, 1068 (10th Cir. 2009).