IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT WETHERHOLT,

    Plaintiff,

v.                                                    No. CIV 08-949 BB/RHS

CORRECTIONAL MEDICAL SERVICES, INC.,
et al.,

    Defendants.

## REPORT AND RECOMMENDATION THAT CASE BE DISMISSED, WITHOUT PREJUDICE[1]

### Introduction

On October 25, 2010, the Court issued an Order to Show Cause [Doc. 17] requiring Plaintiff Scott Wetherholt ("Wetherholt") to show cause, no later than November 5, 2010, why this case should not be dismissed, without prejudice, for failure to exhaust the claims in accordance with the requirements of the Prison Litigation Reform Act ("PLRA"). Wetherholt did not respond to the Court's Order to Show Cause, and the deadline for doing so has expired.

---

[1] **Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

1

**Background**

On August 21, 2008, Wetherholt, while incarcerated at the Springer (New Mexico) Correctional Center, filed a "Tort Complaint" against Defendants, alleging medical malpractice and negligence in violation of Wetherholt's Eighth and Fourteenth Amendment rights. [Doc. 1, attached Complaint.] In his complaint, Wetherholt alleged that on "January 26," he asked to be seen by a medical care provider at the Central New Mexico Correctional Facility because of alleged exposure to the "M.R.S. disease." He claimed he was denied medical treatment and told he was fine. Wetherholt further claimed that he contracted M.R.S. disease and that it left scars on his back. He requested an award of $30,000 in compensatory damages against each defendant, and award of $100,000 in punitive damages. [Doc. 1, Complaint.] On October 15, 2008, Defendants removed the case to federal court and filed an Answer. [Doc. Nos. 1, 2.]

In Defendants' affirmative defenses, they argued that Wetherholt's complaint is barred in whole or in part because Wetherholt failed to exhaust administrative remedies before bringing this lawsuit. [Doc. 2.] The Prison Litigation Reform Act ("PLRA") requires that all available administrative remedies be exhausted before bringing a lawsuit under 42 U.S.C. § 1983. PLRA, 42 U.S.C. § 1997e(a). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

Because Defendants have the burden of proof, the Court permitted them to file an appropriate motion addressing the exhaustion requirements related to Wetherholt's complaint. [Order Regarding Exhaustion of Administrative Remedies, Doc. 12.] The Court's Order was delivered to Wetherholt by U.S. Mail at the current address on file. [Doc. 12.] In the Court's Order,

Wetherholt was informed that he would be given an opportunity to file a response to Defendants' motion, and that his response would be due twenty (20) days after service on him of Defendants' motion. [Doc. 12, pp. 2-3.] As of the date the Court issued the October 25, 2010 Order to Show Cause, almost sixty days had passed without a response by Wetherholt to Defendants' Motion for Summary Judgment.

## **Motion for Summary Judgment**

In their motion for summary judgment, Defendants demonstrated that Wetherholt was incarcerated at the Springer Correctional Facility between December 5, 2007 and September 15, 2008. Wetherholt filed the Complaint on August 21, 2008, during his period of incarceration. In his Complaint, he alleges he was denied medical treatment on January 26, but failed to identify the year of the alleged lack of medical care.

Respondents attached affidavit testimony by a Health Services Administrator and a Grievance Officer, both of whom testified that after searching their files, they did not locate any grievances filed by Wetherholt. The unchallenged evidence demonstrates Wetherholt did not exhaust administrative remedies in accordance with PLRA requirements. Therefore, Defendants ask that Wetherholt's complaint be dismissed for failure to exhaust administrative remedies.

The Court notified Wetherholt in the Order to Show Cause [Doc. 17, p. 3] that dismissal of his complaint, without prejudice, was appropriate based on his failure to respond to the motion for summary judgment and on the uncontested evidence that Wetherholt did not exhaust his administrative remedies in accordance with PLRA requirements. The Court further warned Wetherholt that failure to adequately and timely respond to the Order to Show Cause would result in the Court's recommendation that the complaint, in its entirety, be dismissed without prejudice.

**Recommended Disposition**

That Defendants' Motion for Summary Judgment [Doc. 16] be GRANTED, and that Wetherholt's complaint and this matter be dismissed, without prejudice, for failure to exhaust administrative remedies in accordance with the PLRA, 42 U.S.C. § 1997e(a).

*Robert Hayes Scott*
ROBERT H. SCOTT
UNITED STATES MAGISTRATE JUDGE